

# COMMONWEALTH of VIRGINIA

*Secretary of the Commonwealth*

POST OFFICE BOX 2452                                                                           RICHMOND, VIRGINIA 23218-2452

## NOTICE OF SERVICE OF PROCESS

Verify Inc                                                                      3/28/2022
2525 Main St #100
Irvine, CA 92614


Earnest Prater, Jr.

vs.

Verify Inc

**Summons and Complaint**


Dear Sir/Madam:

You are being served with the enclosed notice under section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process.

If you have any questions about the matter, PLEASE contact <u>the CLERK of the enclosed/below mentioned court</u> or any attorney of your choice. <u>Our office does not accept payments on behalf of debts.</u> The Secretary of the Commonwealth's ONLY responsibility is to mail the enclosed papers to you.

COURT:

Orange County Circuit Court
110 North Madison Rd Ste 300
PO Box 230
Orange, VA 22960

*J.J.*

Service of Process Clerk
Secretary of the Commonwealth's Office

**EXHIBIT A**

# COMMONWEALTH OF VIRGINIA



ORANGE CIRCUIT COURT
Civil Division
110 NORTH MADISON RD., SUITE 300 P. O. BOX 230
ORANGE VA 22960
(540) 672-4030

Summons

To: SERCRETARY OF COMMONWEALTH
NONE

Case No. 137CL22000174-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Tuesday, March 08, 2022

Clerk of Court: TERESA T. CARROLL

by _____ D.C.
    (CLERK/DEPUTY CLERK)

Instructions:


Hearing Official:


Attorney's name:

VIRGINIA

IN THE CIRCUIT COURT FOR THE COUNTY OF ORANGE

EARNEST PRATER, JR.,
    21237 Constitution Hwy
    Rapidan, Virginia

        Plaintiff,

v.                                                  Law No. CL22-174

JAMES L. CORLEY, JR
    *Serve*: Secretary, Department of Motor Vehicles

VERIFY INC
    Serve: Secretary of Commonwealth

VENDOR SURVEILLANCE CORP.
    Serve: Secretary of Commonwealth

    Serve: EAN HOLDING, LLC
           R/A  CT Corp. Systems
           4701 Cox Rd #285
           Glen Allen, VA 23060

JOHN DOES I through X.

        Defendants.

## COMPLAINT

Plaintiff, EARNEST PRATER, JR., by and through counsel Stephanie S. Ryan of Ryan Law PLLC, moves this Court for judgment, jointly and severally, against the Defendants, JAMES L. CORLEY, JR., VERIFY INC, and VENDOR SURVEILANCE CORP, and JOHN DOES I through X, and in support states as follows:

1.    The Plaintiff is a resident of Rapidan, Virginia, who on or about March 20, 2020 at approximately 12:30 p.m. was operating a motorcycle southbound on Route 20, near

the intersection with Route 611 in Orange County, Virginia.

2. The Defendant JAMES L. CORLEY, Jr. (hereinafter "Defendant CORLEY") is a resident of Summerville, South Carolina, who on this same date and time at issue herein was operating his vehicle (a rented 2019 Nissan) northbound on Route 20 near the intersection with Route 611 in Orange County, Virginia.

3. At all material times herein, Defendant CORLEY was operating his vehicle on a business travel trip, and was an agent and/or employee and was acting in the course and cope of his employment and/or agency with DEFENDANT VERIFY INC, a company doing business in Virginia.

4. At all material times herein, Defendant CORLEY was operating his vehicle on a business travel trip, and was an agent and/or employee of and acted in the course and cope of his employment and/or agency with DEFENDANT VENDOR SURVEILLANCE CORP., a company doing business in Virginia.

5. At all material times herein, the vehicle operated by Defendant CORLEY, was a rental vehicle, rented and/or leased from EAN HOLDING, LLC, a company doing business in Virginia.

6. The identities of JOHN DOES I though X are not fully known, but are liable to Plaintiff for the injuries sustained.

7. This Court has jurisdiction over this matter and all Defendants pursuant to Virginia Code 8.01-328.1. Defendants CORLEY caused tortious injury by an act or omission in this Commonwealth. Defendants VERIFY INC, VENDOR SURVEILLANCE CORP., and EAN HOLDINGS, LLC all transact business in this Commonwealth and regularly does or solicits business and/or engages in a persistent

course of conduct or derives substantial revenue from goods used or consumed or services rendered in the Commonwealth of Virginia.

## COUNT I   NEGLIGENCE AGAINST DEFENDANT CORLEY

8. All prior paragraphs are hereby incorporated by reference

9. On or about March 20, 2020 at approximately 12:30 p.m., Plaintiff EARNEST PRATER, JR. (hereinafter "Plaintiff PRATER") was operating his vehicle southbound on Route 20 and was proceeding straight through the intersection with Route 611 in Orange County, Virginia.

10. At the same time and place, Defendant CORLEY was operating his rental vehicle northbound on Route 20 and was in the act of turning left onto Route 611. Defendant CORLEY was operating under a traffic control device that was a flashing yellow arrow controlling his direction and travel.

11. At this same time and place, Defendant CORLEY ignored the flashing yellow arrow that controlled his direction and travel, and turned left, directly into the path of Plaintiff PRATER, causing a violent collision.

12. At this same time and place, Defendant CORLEY owed various duties of care, including, but not limited to, the duty to use ordinary care keep a proper lookout, the duty to keep the vehicle he was operating under proper control, the duty to operate the vehicle at a reasonable speed under the existing conditions, the duty to yield to traffic coming in the opposite direction when making a left turn, the duty to obey the traffic control device ("flashing yellow light") that controlled his directions travel, to operate his vehicle in a manner free from negligence and with due regard and with reasonable care for other persons on the roadway, including the Plaintiff, and other duties.

13. Notwithstanding said duties, Defendant CORLEY then and there so negligently, carelessly, recklessly, and willfully and wantonly operated his vehicle in a manner so that it caused a violent collision with the vehicle driven by Plaintiff PRATER, causing injuries and damages to plaintiff.

14. Defendant CORLEY breached the duties of care owed to Plaintiff.

15. Defendant CORLEY was negligent in that he breached the following duties:

   a) Failed to avoid a collision;

   b) Failed to keep a proper lookout and failed to observe and see Plaintiff;

   c) Failed to keep the vehicle was operating under proper control;

   d) Failed to obey the traffic control device ("flashing yellow arrow") that controlled his direction and travel;

   e) Failed to yield the right of way when he was making a left turn across the lane of travel of plaintiff;

   f) Was negligent and careless and reckless at law;

   g) Operated his vehicle without due regard for the rights, safeties, and position of the plaintiff;

   h) Failed to act as similarly situated reasonable and prudent person would do under the same or similar circumstances;

   i) Failed to have due regard for the other vehicles and the traffic upon and the condition of the highway;

   j) Violated the statutes of the Commonwealth Virginia governing the operating of motor vehicles; including, but not limited to: §46.2-820, etc

   k) Failed to obey all applicable traffic rules and regulations then and there in

effect.

l) failed to operate his vehicle in a manner free from negligence and with due regard and with reasonable care for other persons on the roadway, including the Plaintiff.

20. At all times relevant hereto, Plaintiff PRATER was exercising due care for his own safety and did not contribute to nor assume the risk of his injuries and damages.

21. Defendant CORLEY's actions constitute negligence, careless, reckless, and willful and wanton conduct.

22. As a direct and proximate result of Defendant CORLEY's breach of duties, and careless, reckless and willful and wanton conduct, plaintiff was caused to sustain serious and permanent bodily injuries, physical pain and mental anguish, lost earnings, has been prevented from transacting his business, has suffered and will continue to suffer great pain of body and mind and loss of enjoyment of life; has sustained permanent disability, deformity and loss of future earnings and loss of future earning capacity; has incurred, and will incur in the future medical care and medical bills in an effort to be cured of said injuries, future pain and suffering, future loss of income and ability to earn income, and future loss of enjoyment of life, and has otherwise been damaged.

COUNT II    NEGLIGENCE AGAINST DEFENDANT VERIFY INC

23. All prior paragraphs are hereby incorporated by reference.

24. At all material times, Defendant CORLEY was the employee and/or agent of Defendant VERIFY INC (hereinafter "VERIFY") and acting within the scope of said employment and/or agency.

25. Thus, Defendant VERIFY is liable under the doctrine of *respondeat superior*

and/or vicarious liability.

26. As a direct and proximate result of the above, plaintiff was caused to sustain serious and permanent bodily injuries, physical pain and mental anguish, lost earnings, has been prevented from transacting his business, has suffered and will continue to suffer great pain of body and mind and loss of enjoyment of life; has sustained permanent disability, deformity and loss of future earnings and loss of future earning capacity; has incurred, and will incur in the future medical care and medical bills in an effort to be cured of said injuries, future pain and suffering, future loss of income and ability to earn income, and future loss of enjoyment of life, and has otherwise been damaged.

## COUNT III   NEGLIGENCE AGAINST DEFENDANT VENDOR SURVEILLANCE CORP

27. All prior paragraphs are hereby incorporated by reference.

28. At all material times, Defendant CORLEY was the employee and/or agent of Defendant VENDOR SURVEILLANCE CORP (hereinafter "VENDOR SURVEILLANCE") and acting within the scope of said employment and/or agency.

29. Thus, Defendant VENDOR SURVEILLANCE is liable under the doctrine of *respondeat superior* and/or vicarious liability.

30. As a direct and proximate result of the above, plaintiff was caused to sustain serious and permanent bodily injuries, physical pain and mental anguish, lost earnings, has been prevented from transacting his business, has suffered and will continue to suffer great pain of body and mind and loss of enjoyment of life; has sustained permanent disability, deformity and loss of future earnings and loss of future earning capacity; has incurred, and will incur in the future medical care and medical bills in an effort to be cured of said injuries, future pain and suffering, future loss of income and ability to earn

income, and future loss of enjoyment of life, and has otherwise been damaged.

WHEREFORE, Plaintiff EARNEST PRATER, JR. demands judgment against Defendants CORLEY, VERIFY, VENDOR SURVEILLANCE, and EAN HOLDINGS, LLC, jointly and severally, in the amount of Eleven Million Dollars ($11,000,000.00) compensatory damages; costs and interest on any judgment from March 20, 2020, and such other relief as the Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

                                      Respectfully submitted,

                                      EARNEST PRATER, JR.
                                      By Counsel

Stephanie S. Ryan VSB 46059
Ryan Law PLLC
104 Waterside Ln
Cross Junction, VA 22625
Tel 540 888 3510
Fax 540 888 3608
sryan@ryanlawpllc.com



# COMMONWEALTH of VIRGINIA

POST OFFICE BOX 2452　　*Secretary of the Commonwealth*　　RICHMOND, VIRGINIA 23218-2452

## NOTICE OF SERVICE OF PROCESS

Vendor Surviellance Corp　　　　　　　　　　　　　　　3/28/2022
2525 Main St., #100
Irvine, CA 92614

Earnest Prater, Jr.

vs.

Vendor Surviellance Corp

**Summons and Complaint**

Dear Sir/Madam:

You are being served with the enclosed notice under section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process.

If you have any questions about the matter, PLEASE contact the CLERK of the enclosed/below mentioned court or any attorney of your choice. Our office does not accept payments on behalf of debts. The Secretary of the Commonwealth's ONLY responsibility is to mail the enclosed papers to you.

COURT:

Orange County Circuit Court
110 North Madison Rd Ste 300
PO Box 230
Orange, VA 22960

Service of Process Clerk
Secretary of the Commonwealth's Office

# AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH

Case No. CL22-174

Commonwealth of Virginia    VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

Orange County ................................................................ Circuit Court

Earnest Prater, Jr.      v.      James L. Corley, Jr., Verify Inc. and Vendor Surviellance Corp.

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments:   [×] Summons and Complaint     [ ] Notice     [ ] ..........

I, the undersigned Affiant, state under oath that
[×] the above-named defendant   [ ] ..........
whose last known address is   [ ] same as above [×] Vendor Surviellance Corp 2525 Main St #100, Irvine, CA 92614

1. [×] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).
2. [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

.......... is the hearing date and time on the attached process or notice (if applicable).

03/10/2022
DATE    [ ] PARTY  [×] PARTY'S ATTORNEY  [ ] PARTY'S AGENT  [ ] PARTY'S REGULAR AND BONA FIDE EMPLOYEE

State of Virginia    [ ] City [×] County of Fairfax

Acknowledged, subscribed and sworn to before me this day by Stephanie S Ryan
PRINT NAME OF SIGNATORY

03.10.2022
DATE    [ ] CLERK  [ ] MAGISTRATE  [×] NOTARY PUBLIC    Laura Ellen Woodruff
Notary Registration No. 7361651    My commission expires: 09/30/2022

[ ] Verification by the clerk of court of the date of filing of the certificate of compliance is requested. A self-addressed stamped envelope was provided to the clerk at the time of filing this Affidavit.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

## CERTIFICATE OF COMPLIANCE

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On MAR 21 2022, legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.
2. On MAR 30 2022, papers described in the Affidavit and a copy of this Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 07/13

# COMMONWEALTH OF VIRGINIA



ORANGE CIRCUIT COURT
Civil Division
110 NORTH MADISON RD., SUITE 300 P. O. BOX 230
ORANGE VA 22960
(540) 672-4030

Summons

To: SERCRETARY OF COMMONWEALTH
NONE

Case No. 137CL22000174-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Tuesday, March 08, 2022

Clerk of Court: TERESA T. CARROLL

by _____ D.C.
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:

VIRGINIA

IN THE CIRCUIT COURT FOR THE COUNTY OF ORANGE

EARNEST PRATER, JR.,
   21237 Constitution Hwy
   Rapidan, Virginia

        Plaintiff,

v.                                                 Law No. CL22-174

JAMES L. CORLEY, JR
   *Serve:* Secretary, Department of Motor Vehicles

VERIFY INC
   Serve: Secretary of Commonwealth

VENDOR SURVEILLANCE CORP.
   Serve: Secretary of Commonwealth

   Serve: EAN HOLDING, LLC
          R/A  CT Corp. Systems
          4701 Cox Rd #285
          Glen Allen, VA  23060

JOHN DOES I through X.

        Defendants.

## COMPLAINT

Plaintiff, EARNEST PRATER, JR., by and through counsel Stephanie S. Ryan of Ryan Law PLLC, moves this Court for judgment, jointly and severally, against the Defendants, JAMES L. CORLEY, JR., VERIFY INC, and VENDOR SURVEILANCE CORP, and JOHN DOES I through X, and in support states as follows:

1.    The Plaintiff is a resident of Rapidan, Virginia, who on or about March 20, 2020 at approximately 12:30 p.m. was operating a motorcycle southbound on Route 20, near

the intersection with Route 611 in Orange County, Virginia.

2. The Defendant JAMES L. CORLEY, Jr. (hereinafter "Defendant CORLEY") is a resident of Summerville, South Carolina, who on this same date and time at issue herein was operating his vehicle (a rented 2019 Nissan) northbound on Route 20 near the intersection with Route 611 in Orange County, Virginia.

3. At all material times herein, Defendant CORLEY was operating his vehicle on a business travel trip, and was an agent and/or employee and was acting in the course and cope of his employment and/or agency with DEFENDANT VERIFY INC, a company doing business in Virginia.

4. At all material times herein, Defendant CORLEY was operating his vehicle on a business travel trip, and was an agent and/or employee of and acted in the course and cope of his employment and/or agency with DEFENDANT VENDOR SURVEILLANCE CORP., a company doing business in Virginia.

5. At all material times herein, the vehicle operated by Defendant CORLEY, was a rental vehicle, rented and/or leased from EAN HOLDING, LLC, a company doing business in Virginia.

6. The identities of JOHN DOES I though X are not fully known, but are liable to Plaintiff for the injuries sustained.

7. This Court has jurisdiction over this matter and all Defendants pursuant to Virginia Code 8.01-328.1. Defendants CORLEY caused tortious injury by an act or omission in this Commonwealth. Defendants VERIFY INC, VENDOR SURVEILLANCE CORP., and EAN HOLDINGS, LLC all transact business in this Commonwealth and regularly does or solicits business and/or engages in a persistent

course of conduct or derives substantial revenue from goods used or consumed or services rendered in the Commonwealth of Virginia.

## COUNT I    NEGLIGENCE AGAINST DEFENDANT CORLEY

8. All prior paragraphs are hereby incorporated by reference

9. On or about March 20, 2020 at approximately 12:30 p.m., Plaintiff EARNEST PRATER, JR. (hereinafter "Plaintiff PRATER") was operating his vehicle southbound on Route 20 and was proceeding straight through the intersection with Route 611 in Orange County, Virginia.

10. At the same time and place, Defendant CORLEY was operating his rental vehicle northbound on Route 20 and was in the act of turning left onto Route 611. Defendant CORLEY was operating under a traffic control device that was a flashing yellow arrow controlling his direction and travel.

11. At this same time and place, Defendant CORLEY ignored the flashing yellow arrow that controlled his direction and travel, and turned left, directly into the path of Plaintiff PRATER, causing a violent collision.

12. At this same time and place, Defendant CORLEY owed various duties of care, including, but not limited to, the duty to use ordinary care keep a proper lookout, the duty to keep the vehicle he was operating under proper control, the duty to operate the vehicle at a reasonable speed under the existing conditions, the duty to yield to traffic coming in the opposite direction when making a left turn, the duty to obey the traffic control device ("flashing yellow light") that controlled his directions travel, to operate his vehicle in a manner free from negligence and with due regard and with reasonable care for other persons on the roadway, including the Plaintiff, and other duties.

13. Notwithstanding said duties, Defendant CORLEY then and there so negligently, carelessly, recklessly, and willfully and wantonly operated his vehicle in a manner so that it caused a violent collision with the vehicle driven by Plaintiff PRATER, causing injuries and damages to plaintiff.

14. Defendant CORLEY breached the duties of care owed to Plaintiff.

15. Defendant CORLEY was negligent in that he breached the following duties:

   a) Failed to avoid a collision;

   b) Failed to keep a proper lookout and failed to observe and see Plaintiff;

   c) Failed to keep the vehicle was operating under proper control;

   d) Failed to obey the traffic control device ("flashing yellow arrow") that controlled his direction and travel;

   e) Failed to yield the right of way when he was making a left turn across the lane of travel of plaintiff;

   f) Was negligent and careless and reckless at law;

   g) Operated his vehicle without due regard for the rights, safeties, and position of the plaintiff;

   h) Failed to act as similarly situated reasonable and prudent person would do under the same or similar circumstances;

   i) Failed to have due regard for the other vehicles and the traffic upon and the condition of the highway;

   j) Violated the statutes of the Commonwealth Virginia governing the operating of motor vehicles; including, but not limited to: §46.2-820, etc

   k) Failed to obey all applicable traffic rules and regulations then and there in

effect.

l) failed to operate his vehicle in a manner free from negligence and with due regard and with reasonable care for other persons on the roadway, including the Plaintiff.

20. At all times relevant hereto, Plaintiff PRATER was exercising due care for his own safety and did not contribute to nor assume the risk of his injuries and damages.

21. Defendant CORLEY's actions constitute negligence, careless, reckless, and willful and wanton conduct.

22. As a direct and proximate result of Defendant CORLEY's breach of duties, and careless, reckless and willful and wanton conduct, plaintiff was caused to sustain serious and permanent bodily injuries, physical pain and mental anguish, lost earnings, has been prevented from transacting his business, has suffered and will continue to suffer great pain of body and mind and loss of enjoyment of life; has sustained permanent disability, deformity and loss of future earnings and loss of future earning capacity; has incurred, and will incur in the future medical care and medical bills in an effort to be cured of said injuries, future pain and suffering, future loss of income and ability to earn income, and future loss of enjoyment of life, and has otherwise been damaged.

### COUNT II    NEGLIGENCE AGAINST DEFENDANT VERIFY INC

23. All prior paragraphs are hereby incorporated by reference.

24. At all material times, Defendant CORLEY was the employee and/or agent of Defendant VERIFY INC (hereinafter "VERIFY") and acting within the scope of said employment and/or agency.

25. Thus, Defendant VERIFY is liable under the doctrine of *respondeat superior*

and/or vicarious liability.

26. As a direct and proximate result of the above, plaintiff was caused to sustain serious and permanent bodily injuries, physical pain and mental anguish, lost earnings, has been prevented from transacting his business, has suffered and will continue to suffer great pain of body and mind and loss of enjoyment of life; has sustained permanent disability, deformity and loss of future earnings and loss of future earning capacity; has incurred, and will incur in the future medical care and medical bills in an effort to be cured of said injuries, future pain and suffering, future loss of income and ability to earn income, and future loss of enjoyment of life, and has otherwise been damaged.

## COUNT III   NEGLIGENCE AGAINST DEFENDANT VENDOR SURVEILLANCE CORP

27. All prior paragraphs are hereby incorporated by reference.

28. At all material times, Defendant CORLEY was the employee and/or agent of Defendant VENDOR SURVEILLANCE CORP (hereinafter "VENDOR SURVEILLANCE") and acting within the scope of said employment and/or agency.

29. Thus, Defendant VENDOR SURVEILLANCE is liable under the doctrine of *respondeat superior* and/or vicarious liability.

30. As a direct and proximate result of the above, plaintiff was caused to sustain serious and permanent bodily injuries, physical pain and mental anguish, lost earnings, has been prevented from transacting his business, has suffered and will continue to suffer great pain of body and mind and loss of enjoyment of life; has sustained permanent disability, deformity and loss of future earnings and loss of future earning capacity; has incurred, and will incur in the future medical care and medical bills in an effort to be cured of said injuries, future pain and suffering, future loss of income and ability to earn

income, and future loss of enjoyment of life, and has otherwise been damaged.

WHEREFORE, Plaintiff EARNEST PRATER, JR. demands judgment against Defendants CORLEY, VERIFY, VENDOR SURVEILLANCE, and EAN HOLDINGS, LLC, jointly and severally, in the amount of Eleven Million Dollars ($11,000,000.00) compensatory damages; costs and interest on any judgment from March 20, 2020, and such other relief as the Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY**.

Respectfully submitted,

EARNEST PRATER, JR.
By Counsel

Stephanie S. Ryan   VSB 46059
Ryan Law PLLC
104 Waterside Ln
Cross Junction, VA  22625
Tel 540 888 3510
Fax 540 888 3608
sryan@ryanlawpllc.com